# United States Court of Federal Claims
No. 21-1020
Filed: May 21, 2021

|  |  |
|---|---|
| MELVIN JOSEPH SIMMONS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

      On February 26, 2021, plaintiff Melvin Joseph Simmons, proceeding *pro se*, filed a Complaint with this Court.  In his Complaint, plaintiff seeks review of alleged wrongs committed against him by the State of California and the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit"). *See* Complaint (hereinafter "Compl.") at 5–9.  Specifically, plaintiff argues that the State of California "failed to live up to the special, pre-existing legal fiduciary duty under contract imposed by law to protect Plaintiff." *Id*. at 7.  As a result, plaintiff "suffer[s] a continuing legal injury" in the form of his September 1987 conviction. *Id*. at 8.  Further, plaintiff alleges that the Ninth Circuit had "fraudulent intent" to deprive plaintiff of "equal access to justice." *Id*. at 6.  Plaintiff requests that the Court grant "the right of trial by jury", "issue a decree declaring the rights of the parties", annul his state court conviction, release him from confinement, grant damages and recovery of plaintiff's property, and issue an injunction to "restore Plaintiff Melvin Joseph Simmons['] bundle of rights". *Id*. at 15–16.

      This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort.  28 U.S.C. § 1491(a)(1).  Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  RCFC 12(h)(3).  In the present case, plaintiff alleges different violations against the State of California and the Ninth Circuit stemming from his conviction in the California state court.  Plaintiff appears to contend that his conviction amounts to a "taking" of his freedom or "bundle of rights". *See generally* Comp. at 5, 16.  Plaintiff's Complaint lacks any factual basis for a taking and is, in essence, an appeal.  It is well settled that this Court has no jurisdiction to entertain appeals of state court judgments. *Potter v. United States*, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state

court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."). Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action for which this Court has subject-matter jurisdiction. This Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).

For the reasons set forth above, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). Consequently, defendant's Motion to Dismiss is hereby **FOUND MOOT**. The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith
Senior Judge